### JAMES SOWERS v. THE STATE.

No. 12760.   Delivered November 13, 1929.
Rehearing denied December 18, 1929.

The opinion states the case.

*Bishop & Holland* of Athens, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of three years.

The following is the State's testimony coming from an officer: The witness went to the home of the appellant and asked about some whisky.  Appellant denied the possession but finally consented to sell a quart for five dollars.  While the officer waited, the appellant went in his house and brought out the whisky for which he received a five-dollar bill which was marked.  The officer then attempted to arrest the appellant who resisted.  Force was used and the appellant was injured in an effort to escape.  The officer, using his pistol as a bludgeon, beat the appellant into unconsciousness and took him to jail.

Appellant testified in his own behalf and denied making any sale. He also denied the possession of any whisky, and claimed that he

so told the officer. He was beaten by the officer. He said that the marked money found in his possession was not there with his knowledge or consent but was placed there by the officer while the appellant was unconscious. The officer who made the purchase was corroborated in some particulars by the sheriff. The appellant, who was a negro, introduced a negro woman who corroborated him with reference to having disclaimed to the officer the possession of the whisky.

There was some improper evidence introduced against the appellant, but there seems to be no objection to it.

The only bill of exceptions found in the record is that complaining of the failure of the court to give to the jury a special charge as follows:

"Gentlemen of the Jury: You are instructed that in this case you cannot convict the defendant for the sale of intoxicating liquor to the witness, Cook Trammell, even though you should believe beyond a reasonable doubt that such sale was made."

The appellant was not on trial for the sale of whisky but for possessing it for the purpose of sale. The only offense submitted to the jury was the possession of whisky for the purpose of sale. Under the facts of the present case, the same evidence that established the sale also established the possession for the purpose of sale. To have given the charge would have misled the jury; at least it was calculated to mislead them. The refusal to give it, we think, was not error. Under the facts, the appellant might have been prosecuted for either the possession or the sale of the liquor.

The judgment is affirmed.

*Affirmed.*